MUNICIPALITY OF ANCHORAGE and Ward North America, Inc. f/k/a Scott Wetzel Services, Inc., Appellants,

v.

Robert ANDERSON, Appellee.

No. S–9293.

Supreme Court of Alaska.

Dec. 21, 2001.

Trena L. Heikes, Law Offices of Trena L. Heikes, Anchorage, for Appellants.

William J. Soule, Law Office of William J. Soule, Anchorage, for Appellee.

Before FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

## OPINION

CARPENETI, Justice.

The Municipality of Anchorage appeals the superior court's award of attorney's fees to Robert Anderson following intermediate appellate review in this workers' compensation case. Because the superior court was acting as an intermediate court of appeal and remanded the matter for further proceedings, the award of attorney's fees is a non-final order that is not a proper subject for appeal

under Alaska Appellate Rule 202. We further conclude that this matter should not be treated as a petition for review. The appeal is therefore dismissed.

Anderson was injured while on the job as a lifeguard for the municipality. During the course of his workers' compensation claim, he did not attend an employer-requested physical capacity examination (PCE), to be conducted by a non-physician specialist, because he interpreted the relevant statute [1] as not requiring him to attend an examination with a non-physician. The Alaska Workers' Compensation Board disagreed with Anderson. Anderson appealed the board's decision to the superior court. Initially, the superior court reversed the board, but the court later amended its original decision and ruled against Anderson, concluding that an employer may, under certain circumstances, require an employee to undergo a PCE with a non-physician specialist. But the court also concluded that Anderson's failure to undergo the PCE did not constitute a "refusal to submit" because of the ambiguity of the statute. Accordingly, it declined to allow Anderson's benefits to be suspended or forfeited. The superior court awarded Anderson full attorney's fees of $2,200.00 and

$126.54 in costs, and the matter was remanded for further proceedings.

The municipality now appeals the denial of its motion for reconsideration of the award of attorney's fees to Anderson.

The award of attorney's fees is part of a case that has been remanded to the agency for further proceedings; therefore, it is a non-final order that cannot be appealed.[2] As we stated in *City and Borough of Juneau v. Thibodeau,* "an order of the superior court issued in its appellate capacity which remands for further proceedings is not a final judgment for the purposes of [the rule governing appeals]." [3]

While we have not hesitated in appropriate circumstances to treat an appeal improperly brought from a non-final order as a petition for review "in order to prevent hardship and injustice," [4] we decline to do so here. We will treat an improperly brought appeal as a petition for review [5] when we believe "that [the] disposition of this case will effectively dispose of the issues remaining in the underlying civil action and would prevent unnecessary delay, expense, and hardship to the parties." [6] We conclude that the circumstances here do not warrant treatment of this case as a petition for review.[7]

1. AS 23.30.095(e).

2. *See Tlingit–Haida Regional Elec. Authority v. State,* 15 P.3d 754, 761 (Alaska 2001) (citing *City and Borough of Juneau v. Thibodeau,* 595 P.2d 626, 631 (Alaska 1979)).

3. 595 P.2d at 629.

4. *Id.* at 631.

5. A petition for review will be granted under Alaska Appellate Rule 402(b) as follows:

   Review is not a matter of right, but will be granted only where the sound policy behind the rule requiring appeals to be taken only from final judgments is outweighed because:

   (1) Postponement of review until appeal may be taken from a final judgment will result in injustice because of impairment of a legal right, or because of unnecessary delay, expense, hardship or other related factors; or

   (2) The order or decision involves an important question of law on which there is substantial ground for difference of opinion, and an immediate review of the order or decision may materially advance the ultimate termination of the litigation, or may advance an important

   public interest which might be compromised if the petition is not granted; or

   (3) The trial court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by an inferior court or administrative tribunal, as to call for the appellate court's power of supervision and review; or

   (4) The issue is one which might otherwise evade review, and an immediate decision by the appellate court is needed for the guidance of the lower courts or is otherwise in the public interest.

6. *City of North Pole v. Zabek,* 934 P.2d 1292, 1296 (Alaska 1997) (internal quotation marks omitted).

7. The dissent states that "[i]t is easy to resolve the case on the merits," and claims that Anderson could not be deemed a "successful claimant" under Appellate Rule 508(g)(2) because "he obtained no relief from the order of the board from which he petitioned." But that conclusion is highly debatable.

   The municipality had argued before the board that Anderson's benefits should be suspended

This appeal was improperly brought from a non-final order of the superior court. The appeal is therefore DISMISSED.

MATTHEWS, Justice, with whom FABE, Chief Justice, joins, dissenting.

The Alaska Workers' Compensation Board ordered Robert Anderson to submit to a physical capacities examination to be conducted by a non-physician health care specialist on a referral by a physician. The board did not suspend the payment of Anderson's benefits or order them forfeited. Instead, the board stated that if Anderson refused to comply with the board's order, "we will hear the employer's petition to suspend and/or forfeit the employee's compensation under AS 23.30.095(e), at the next available hearing date."

Anderson petitioned for review from this order, contending that he had no duty to submit to an examination by a non-physician. The superior court granted the petition, but, after initially accepting Anderson's argument, reconsidered and ordered Anderson to submit to an examination. The court added that the applicable statute was ambiguous and stated that Anderson's earlier conduct "may not be considered as a refusal to submit to that examination, allowing suspension of compensation."

Despite the fact that Anderson did not obtain any relief from the board's order, the court awarded him attorney's fees of $2,200.[1]

The municipality seeks to appeal this order. I agree that the superior court's order awarding attorney's fees to Anderson is not a final order and thus may not be appealed at this point in the case. But I would treat the municipality's appeal as a petition for review, grant the petition, and reverse the award.

It is easy to resolve this case on the merits. Appellate Rule 508(g)(2) calls for an award of attorney's fees on appeal "to a successful claimant." Anderson was not a successful claimant because he lost on appeal. He sought an order relieving him of the obligation to submit to the examination ordered by the board and was denied this relief. On the subject of suspension of benefits, the board did not order Anderson's benefits suspended or forfeited. Thus the superior court's statement that Anderson's benefits should not be suspended did not change the board's order. Anderson gained no advantages by the appeal that were not already available to him simply by complying with the board's order. Since, therefore, Anderson was not a "successful claimant," the award of fees is unauthorized.

But how can the municipality obtain relief from this erroneous award? There are two paths. One—the appeal path—is long and tedious and available as a matter of right. The other—the petition for review path-is short and easy—but depends on the discretion of this court. Under today's decision, the municipality must follow the long path.[2]

during the time he refused to attend the PCE. And the board's order explicitly provided that "[s]hould the employee refuse to submit [to] an employer's PCE, we will hear the employer's petition to suspend and/or forfeit the employee's compensation under AS 23.30.095(e) at the next available hearing date." While it is true that Anderson was not ultimately successful as to his responsibility to attend the PCE, he did prevail on the question whether his benefits could be suspended during the period when his obligation to attend the PCE was being litigated. The superior court ruled that "Anderson's declination to be examined by a non-physician or surgeon specialist may not be considered as a refusal to submit to that examination, allowing suspension of compensation." Moreover, the worker's compensation board explicitly endorsed the superior court's viewpoint when the case later returned to the board: "[W]e find the employee's counsel's efforts on appeal to the Superior Court secured a determination that **the employee's previous fail-**

**ures to attend the PCE would not result in a forfeiture of his benefits. We find this was a benefit to the employee.**" *Anderson v. Municipality of Anchorage*, AWCB Dec. No. 01–0014, Final Decision and Order (January 17, 2001) (emphasis added).

Under these circumstances, it appears plausible, as both the board and the superior court found, that Anderson's counsel had prevailed on an important issue and had provided a benefit to him. An award of fees to counsel for the injured worker in this situation hardly appears "easy" to characterize as an abuse of discretion.

1. The court gave no explanation for this award.

2. Except, perhaps, for footnote 7 in the majority opinion. Footnote 7 may be a ruling on the merits of the issue raised in the petition. Although I would disagree with the substance of such a ruling for the reasons explained above, such a ruling would be better made now rather

Interlocutory awards of attorney's fees, like any other interlocutory order that has not become moot, may be appealed once a final judgment is entered.[3] And decisions of the superior court on appeal from an administrative agency "may be appealed to the supreme court as a matter of right,"[4] but only after entry of a final judgment. We held in *City & Borough of Juneau v. Thibodeau*[5] that when the superior court remands an administrative appeal to an agency for further proceedings the order of remand is not a final judgment.

In the present case it is difficult to predict when there will be a final appealable judgment in the workers' compensation proceedings. Presumably Anderson has now complied with the board's order requiring him to attend the evaluation. At some point the board will hold a hearing on his claim and issue a final decision. Or the municipality may simply pay Anderson the benefits he seeks. Or the parties may settle the claim with the board's approval. If there is an adjudication, the municipality may appeal the board's final order, even if the municipality is satisfied with the results of the adjudication and wishes only to challenge the court's interlocutory award of attorney's fees. If the municipality simply pays Anderson the benefits he is requesting, it will have to petition the board for an order closing the case or otherwise recognizing that all issues, save the interlocutory award of fees, have been finally resolved. From this order the municipality may appeal, raising the issue of the propriety of the interlocutory award. If the parties settle the underlying claim, and the municipality makes clear that the interlocutory award is not part of the compromise, the municipality may appeal following entry of the order approving the compromise.

Ironically, in each of these scenarios the appeal will go back to the superior court, even though the only issue on which review is sought is the superior court's interlocutory award. One would expect the superior court to deny the appeal (and award additional fees). Only when this step is taken, can the municipality appeal to this court as a matter of right.

Obviously there is much needless effort and delay inherent in this process. In many cases our holding in *Thibodeau* that a superior court order of remand is not immediately appealable works well and saves time and money, but sometimes it does not. When it does not, this court should be receptive to accepting petitions for review in order to avoid subjecting parties to needless delay and expense.[6] This is such a case. Further, no additional light will be cast on the question of whether the interlocutory award was erroneous by subsequent proceedings. The interlocutory award is unrelated to actions that may occur following the superior court's remand to the board. Thus the question is appropriate for review now.

Based on these considerations, I would consider the municipality's appeal to be a petition for review and grant review. On the merits, for the reasons stated, I would reverse the superior court's interlocutory award of attorney's fees.

than at the end of the long procedural journey required to bring the issue before us as a matter of right.

**3.** *See Weir v. Propst*, 915 F.2d 283, 286 (7th Cir.1990). *See also Johnson v. Johnson*, 836 P.2d 930, 934 n. 2 (Alaska 1992) (propriety of interlocutory maintenance award properly raised in appeal of final divorce decree); *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 468 (9th Cir. 1989) (interlocutory orders not appealed earlier merge into final judgment and may be challenged in appeal from that judgment); 19 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE §§ 202.08, 203.10[7][a] (3d ed.1997). In the federal courts interlocutory awards of fees may be appealable as a matter of right under the "practical finality" exception to the final judgment rule. *See id.* § 202.08. We have not adopted this exception, but today's opinion illustrates its utility.

**4.** AS 22.05.010(c).

**5.** 595 P.2d 626 (Alaska 1979).

**6.** *See* Alaska R.App. P. 402(b)(1) which authorizes granting a petition for review when "[p]ostponement of review until appeal may be taken from a final judgment will result in injustice because of impairment of a legal right, or because of unnecessary delay, expense, hardship or other related factors[.]"