WINFREE, Justice.
I. INTRODUCTION
An employer disputes liability for attorney's fees the Alaska Workers' Compensation Appeals Commission awarded an employee, contending that the employee was not a successful party in the appeal and that the amount awarded was unreasonable. Because the Commission's underlying decision on the merits included a remand on one issue, we asked the parties to provide supplemental briefing on the question whether the attorney's fees order was final for purposes of appeal. We hold that such orders are not final for purposes of appeal, but we treat the putative appeal as a petition for review, grant review, and affirm the Commission's attorney's fees award.
II. FACTS AND PROCEEDINGS
Kiel Cavitt fractured his right elbow while working as an auto shop glazier for D&D Services in August 2015. He later received compensation for a permanent partial impairment. Cavitt was unable to continue working as a glazier, and he subsequently went to work as a pizza delivery driver.
Cavitt fell on his outstretched right hand in February 2017, and a medical scan the following month showed damage to the hardware *167 inserted to repair the elbow injury. Cavitt's doctor said Cavitt was totally disabled from working from March 10 through April 15.
In March Cavitt filed a written workers' compensation claim against D&D Services seeking temporary total disability (TTD), a compensation rate adjustment, and attorney's fees. D&D Services initially denied liability and filed a notice of controversion. In early April Cavitt filed another written claim, including medical costs, transportation costs, penalty, unfair or frivolous controversion, and interest, in addition to TTD and attorney's fees. He also sought an order that D&D Services was responsible for paying future TTD. In late April D&D Services' doctor said that Cavitt needed a second surgery and that the work injury with D&D Services was the substantial cause of his disability and need for medical care. D&D Services then paid Cavitt TTD, but it did not pay penalty or interest.
The Alaska Workers' Compensation Board largely denied Cavitt's claim following an August 2017 hearing. The Board decided the controversion was in good faith, declined to impose a penalty, and denied the compensation rate adjustment. The Board agreed Cavitt was owed interest; additionally, it ordered D&D Services to pay Cavitt TTD "until such time as he becomes medically stable." The Board awarded Cavitt only $500 in attorney's fees for his success on these two issues: the order requiring D&D Services to pay TTD and the interest award. The balance of the attorney's fees award was for work done before the employer effectively withdrew its controversion by voluntarily paying TTD.
Cavitt appealed to the Commission, which for the most part affirmed the Board's decision. The Commission decided, however, that the Board had not awarded Cavitt sufficient attorney's fees. Discussing the difference between Board-ordered compensation and voluntary employer payments, the Commission observed precedent in Underwater Construction, Inc. v. Shirley[1] requiring that when the Board orders an employer to pay compensation, the employer cannot simply file a notice of controversion and stop paying benefits; the employer must seek modification of the award. The Commission determined the Board had undervalued both the overall services the attorney provided and the importance of the TTD order, observing that D&D Services "strongly resisted" that order.[2] The Commission decided that "additional attorney fees are owed to Mr. Cavitt's counsel" for prevailing on this issue, and it remanded to the Board "for a determination of the time involved by Mr. Cavitt's counsel on this issue among other benefits obtained for Mr. Cavitt."
Cavitt then requested attorney's fees in the Commission, seeking costs and nearly $12,000 in attorney's fees as a successful party in the appeal. D&D Services opposed the motion, contending that Cavitt "lost his appeal on every significant issue except for the remand back to the Board on the attorney's fee issue" but conceded the Commission should award Cavitt some fees.
The Commission awarded Cavitt $6,000 in attorney's fees, deciding he had won a significant issue on appeal and was entitled to reasonable attorney's fees. The Commission defined "reasonable ... as equitable for the work performed and the results obtained" and found that $6,000 was reasonable.
D&D Services appealed the attorney's fees order to us. Because the Commission remanded the case in part to the Board, and because we held in Huit v. Ashwater Burns, Inc.[3] that the finality rule of City & Borough of Juneau v. Thibodeau[4] applies to Commission decisions,[5] the attorney's fees award in this case was not clearly appealable as a matter of right. In Municipality of Anchorage v. Anderson , a workers' compensation decision pre-dating the Commission's creation, *168 we decided that a superior court's attorney's fees award was not final for appeal purposes when the court's remand to the Board meant the underlying court order was not final.[6] We asked the parties in this case to brief questions related to the finality of Commission attorney's fees orders.
III. STANDARD OF REVIEW
"Whether the Commission correctly applied the law in determining an award of attorney's fees is a question of law that we review de novo."[7] "We review the amount of fees awarded for abuse of discretion."[8] "We interpret 'our civil [and appellate] rules de novo, adopting the rule of law which is most persuasive in light of precedent, policy, and reason.' "[9]
IV. DISCUSSION
A. A Commission Attorney's Fees Award In A Case Remanding An Issue To The Board Is Not Appealable As A Matter Of Right.
The parties take the position that the Commission's attorney's fees award was final and appealable as a matter of right because it meets the tests for finality under administrative law precedent. We do not disagree with the parties that this attorney's fees decision is consistent with administrative finality tests.[10] But under the appellate rules, the order cannot be appealed as a matter of right.
Alaska Statute 23.30.129(a) provides in part that "final decisions of the [C]ommission may be appealed to the supreme court, and other orders may be reviewed by the supreme court as provided by the Alaska Rules of Appellate Procedure." We decided in Huit that a "final decision of the [C]ommission" under this statute is not the same as a "final [C]ommission decision" in AS 23.30.128(e).[11] We also held that Commission decisions remanding issues to the Board are subject to the rule in Thibodeau ; decisions remanded to the Board are not final for purposes of appeal under AS 23.30.129(a).[12] Applying Huit , the Commission's decision on the merits of Cavitt's appeal was not a final decision under AS 23.30.129(a) because the Commission remanded the case in part for the Board to address attorney's fees anew.
Alaska Appellate Rule 201.1(a) applies Part 2 of the Appellate Rules to Commission appeals under AS 23.30.129. Alaska Appellate Rule 202(a) provides that "[a]n appeal may be taken to the supreme court ... from a final decision entered by the Alaska Workers' Compensation Appeals Commission in the circumstances specified in AS 23.30.129." Alaska Appellate Rule 204(a)(5)(A) allows a separate appeal related to attorney's fees when no appeal is pending: "[A] post-judgment order awarding or denying costs [and] attorney's fees ... may be considered a final judgment subject to an appeal limited to issues of costs [and] attorney's fees." Because no appeal related to the Commission's merits decision was pending in this court when D&D Services filed its attorney's fees appeal, Appellate Rule 204(a)(5)(A) governs whether the Commission's attorney's fees award was a final judgment subject to appeal. This, in turn, depends on whether the *169 attorney's fees award was "a post-judgment order." It is not such an order.
Appellate Rule 201.1(c) provides that "judgment" includes "the final decision of the Alaska Workers' Compensation Appeals Commission, if that [C]ommission entered the decision being appealed under AS 23.30.129." Because "judgment" is defined in relation to AS 23.30.129, and because the merits decision in this case was not final under Huit 's interpretation of AS 23.30.129, the attorney's fees order is not, under the Appellate Rules, "a post-judgment order" awarding attorney's fees.
Both parties cite Humphrey v. Lowe's Home Improvement Warehouse, Inc.[13] in their finality discussion, but Humphrey , predating Huit , expressly declined to consider the Thibodeau issue.[14] Humphrey thus offers no guidance about the finality of the attorney's fees order.
We acknowledge that Commission attorney's fees decisions like this one may never be reviewed or that review may come only after a lengthy process.[15] To address this concern, we will refer the issue to the Appellate Rules Committee.[16]
Under Alaska Appellate Rule 402(b)(1) we may grant review of a nonfinal order if doing otherwise may result in "unnecessary delay, expense, ... or other related factors." The Commission attorney's fees award is a discrete issue, and the parties have fully briefed it; we therefore convert this putative appeal to a petition for review and consider the petition's merits.[17]
B. The Commission Did Not Err By Awarding Cavitt Attorney's Fees As The Successful Party In The Appeal.
D&D Services argues that the Commission erred by awarding Cavitt attorney's fees because he "did not prevail on any issue before the Commission," and he "lost on every issue that he appealed to the Commission." D&D Services concedes that in Cavitt's Commission appeal he "merely could be considered to have prevailed in part on one issue out of five," but it argues that he in fact did not because he requested only that the Commission enter an order awarding him full fees and the remand order did not give him the exact relief he sought.
Cavitt responds that his case fits squarely within the holding of Humphrey , a case in which we reversed a denial of attorney's fees to a claimant who persuaded the Commission to remand an attorney's fees issue to the Board. D&D Services argues that Humphrey is distinguishable because Cavitt only "requested full attorney's fees, which he did not obtain," (emphasis in original) and he therefore "was simply not a successful party."
We agree with Cavitt that Humphrey controls the outcome of this question. In Humphrey the claimant succeeded in persuading the Commission that the Board had not awarded him sufficient attorney's fees, and the Commission remanded the case to the Board because there were insufficient findings on the issue.[18] The Commission refused to award the claimant attorney's fees for the appeal because, in its view, he was not a successful party; we reversed the Commission's order denying attorney's fees and held that "a claimant who prevails on 'a significant issue' on appeal is a successful party."[19] We did not require an exact match between the requested relief and the relief the Commission ordered. As we recently held in Warnke-Green v. Pro-West Contractors, LLC : "To determine success on appeal, the *170 Commission needs to consider what the Board ordered, what the parties sought in the appeal, and what the appeal decided."[20]
The Board awarded Cavitt minimal fees despite his attorney's work while his claim was controverted and his success on two issues. Cavitt appealed to the Commission to reverse the Board's decision on the merits; he also sought "full fees" for work before the Board under AS 23.30.145(b). The Commission instructed the Board to determine the amount of time Cavitt's counsel spent on the future TTD award, determined that the Board had undervalued that award, and observed that D&D Services "strongly resisted the Board making this order," indicating that the Commission expected the Board to award increased attorney's fees based on D&D Services' resistance.
Requiring a successful party to have requested exactly what the Commission orders undermines the purpose of attorney's fees awards to claimants, which is "to ensure that competent counsel are available to represent injured workers."[21] Such a rule could prohibit a fees award when the Commission affirms on an alternative basis that was not argued and could lead to litigation about how closely the Commission decision matched the requested relief. Neither possibility is desirable.
The Commission decided a significant issue in Cavitt's favor, and it appropriately decided he was a successful party in the appeal.
C. The $6,000 Attorney's Fees Award Was Not Manifestly Unreasonable.
D&D Services argues that the amount of fees the Commission awarded Cavitt is "manifestly unreasonable." D&D Services provides two legal arguments, one based on a misreading of our precedent[22] and the other based on a prior Commission decision. D&D Services maintains that in the past the Commission has awarded fees "in proportion to the discussion and authority devoted to the issue"; it compares the number of pages in Cavitt's brief about each issue and contends that the amount of fees awarded was unduly large.
Cavitt responds that the Commission's award was appropriate because the fees awarded were reasonable given the circumstances; he does not contend that the award is too low. He points out that D&D Services' proposed method of calculating fees based on counting pages or words could be abused: A party could be prolix in arguments with a good chance of success, even with an obvious outcome, or unduly terse in arguing less meritorious claims, manipulating an increased fees award. Cavitt summarizes his case's procedural history to illustrate the Commission's point about his attorney's services being more valuable than the Board considered them.
The Commission found that " 'fully compensatory' does not necessarily mean the full amount of fees sought as long as the amount awarded is sufficient to encourage attorneys to continue to represent injured workers." It then defined "reasonable" to mean "equitable for the work performed and the results obtained." It concluded that $6,000 in attorney's fees "satisfie[d] both the requirement to be fully compensatory and the requirement to be reasonable."
We are not persuaded that the Commission's fees award was manifestly unreasonable. We have recognized that the Commission has discretion to determine an appropriate fee as long as the record supports its factual findings.[23] The Commission's factual findings are not an issue in this appeal. We have interpreted AS 23.30.008(d) as being consistent with and having the same purpose as former Alaska Appellate Rule 508(g).[24] The Commission's *171 award is consistent with the purpose of "ensur[ing] that competent counsel are available to represent injured workers."[25] The award likewise fulfilled the statutory requirement that the attorney's fees be both "fully compensatory and reasonable."[26]
V. CONCLUSION
We AFFIRM the Commission's attorney's fees award.

884 P.2d 156, 161 (Alaska 1994).

Cf. AS 23.30.145(b) (authorizing Board-ordered attorney's fees from employer who "otherwise resists" paying compensation).

372 P.3d 904 (Alaska 2016).

595 P.2d 626 (Alaska 1979), disavowed on other grounds by State v. Alex , 646 P.2d 203, 208 n.4 (Alaska 1982).

Huit , 372 P.3d at 912-16.

37 P.3d 420, 421 (Alaska 2001).

Lewis-Walunga v. Municipality of Anchorage , 249 P.3d 1063, 1066 (Alaska 2011).

Warnke-Green v. Pro-West Contractors, LLC , 440 P.3d 283, 288 (Alaska 2019).

Licht v. Irwin , 292 P.3d 915, 918 (Alaska 2013) (alteration in original) (quoting Kellis v. Crites , 20 P.3d 1112, 1113-14 (Alaska 2001) ).

The test for administrative finality " 'is essentially a practical one' that considers 'whether the agency has completed its decisionmaking process[ ] and whether the result of that process is one that will directly affect the parties' "; it "should also consider whether the litigants still have an opportunity 'to submit evidence or alter the decision through administrative means.' " Huit , 372 P.3d at 914 (alteration in original) (first quoting Crawford & Co. v. Baker-Withrow , 81 P.3d 982, 985 (Alaska 2003) ; then quoting Allen v. State, Dep't of Revenue, Child Support Enf't Div. , 15 P.3d 743, 747 (Alaska 2000) ). The Commission has completed its decisionmaking process on the attorney's fees for this appeal, and the parties will not have an opportunity to alter the Commission's fees award through administrative means.

Alaska Statute 23.30.128(e) sets out the requirements for a "final [C]ommission decision."

372 P.3d at 912-16.

337 P.3d 1174 (Alaska 2014).

Id. at 1178 n.5.

See Municipality of Anchorage v. Anderson , 37 P.3d 420, 423 (Alaska 2001) (Matthews, J., dissenting) (noting difficulties obtaining interlocutory order review).

Cf. Cole v. State Farm Ins. Co. , 128 P.3d 171, 173 n.2 (Alaska 2006) (referring question to Appellate Rules Committee).

See City & Borough of Juneau v. Thibodeau , 595 P.2d 626, 631 (Alaska 1979) (holding that we may treat improperly brought appeal as petition for review); see also Alaska R. App. P. 402(b).

337 P.3d at 1177-78.

Id. at 1181-82 (emphasis in original) (quoting Lewis-Walunga v. Municipality of Anchorage , 249 P.3d 1063, 1068 (Alaska 2011) ).

440 P.3d 283, 291 (Alaska 2019).

Id. at 294.

D&D Services contends that under State, Division of Workers' Compensation v. Titan Enterprises, LLC , 338 P.3d 316 (Alaska 2014), the Commission is required to "consider the success of all parties on appeal." Our Titan Enterprises holding was limited to appeals in which both parties were nonclaimants. See id. at 32223.

See Warnke-Green , 440 P.3d at 288.

Lewis-Walunga , 249 P.3d at 1067-68. Under former Appellate Rule 508(g)(2), a successful claimant was to be awarded full reasonable attorney's fees, and a successful claimant was one who prevailed on a significant issue on appeal. Id. at 1068.

Wise Mech. Contractors v. Bignell , 718 P.2d 971, 975 (Alaska 1986).

AS 23.30.008(d).