249 P.3d 1063 (2011)
Judith LEWIS-WALUNGA and William J. Soule, Petitioners,
v.
MUNICIPALITY OF ANCHORAGE, Respondent.
No. S-13825.
Supreme Court of Alaska.
April 15, 2011.
*1064 Michael W. Flanigan, Walther & Flanigan, Anchorage, for Petitioners.
Erin K. Egan, Russell, Wagg, Gabbert & Budzinski, Anchorage, for Respondent.
Before: CARPENETI, Chief Justice, FABE, WINFREE, CHRISTEN, and STOWERS, Justices.

OPINION
WINFREE, Justice.

I. INTRODUCTION
A successful workers' compensation claimant requested an attorney's fees award. The Alaska Workers' Compensation Board decided her request was "a little high" for the benefits she received and reduced the requested fee award by 30 percent. She appealed the Board's order to the Alaska Workers' Compensation Appeals Commission. The Commission reversed the Board's order and remanded the case to the Board for further consideration of a fee award. The claimant then requested an attorney's fees award from the Commission for her appeal. The Commission refused to award her attorney's fees, finding she was not the successful party on appeal. We granted the claimant's petition to review the Commission's own attorney's fees decision. We reverse the Commission's decision and remand for an attorney's fees award to the claimant for work performed in her appeal because it was error for the Commission to find the claimant was not a successful party.

*1065 II. FACTS AND PROCEEDINGS
Judith Lewis-Walunga was injured in 2004 while employed by the Municipality of Anchorage. Shortly after the Municipality controverted Lewis-Walunga's workers' compensation claim, attorney William Soule entered an appearance on her behalf before the Board. In December 2006 the Municipality agreed some of Lewis-Walunga's injuries were compensable and paid attorney's fees for work associated with that aspect of her claim. The Municipality and Lewis-Walunga disagreed about several other issues, and Soule continued to represent Lewis-Walunga.
The Board heard Lewis-Walunga's case in April 2008. The issues before the Board were additional temporary total disability (TTD), additional permanent partial impairment (PPI), additional medical benefits, penalties and interest, and attorney's fees. The Board also considered a separate claim by Dr. William Ross, Lewis-Walunga's chiropractor, who represented himself. At the hearing the Municipality agreed to pay Lewis-Walunga's outstanding medical bills except those of Dr. Ross exceeding frequency standards set by regulation.
In a June 2008 decision the Board determined most disputed issues in Lewis-Walunga's favor, including an increased PPI rating and the requested TTD. Although the Board found Lewis-Walunga was "entitled to reasonable attorney's fees" under AS 23.30.145(b), it decided more evidence was needed before it could determine the amount because the Municipality claimed the requested fees included hours for work on an abandoned issue. The Board held a second hearing solely on the attorney's fees issue, at which time the attorney's fees request totaled $38,920, including time spent preparing for and attending the attorney's fees hearing.
At the hearing the Municipality argued that the requested amount was excessive and that fees should be awarded under AS 23.30.145(a) rather than AS 23.30.145(b).[1] The Municipality also argued that AS 23.30.145 embodied a policy in favor of settlement, similar to Alaska Civil Rule 68,[2] and urged the Board to reduce Lewis-Walunga's attorney's fee award because she had rejected what the Municipality described as "a good faith, viable offer." Lewis-Walunga asserted that her requested fees included charges the Board routinely reimbursed and that the Board should reject the Municipality's Rule 68 argument.
The Board issued an order in October 2008. The Board affirmed its earlier decision that Lewis-Walunga was entitled to reasonable attorney's fees and found that the attorney's services "were complex, time[-]consuming and costly ... as supported by his affidavits." But the Board also found that the claimed attorney's fees were "a little too high for granting [the] associated [benefits] award," which the Board estimated at $20,000 in value. The Board awarded $27,244 in fees, a 30 percent reduction from the requested amount.
Lewis-Walunga appealed this order to the Commission. In her opening brief she requested that the Commission reverse the attorney's fee award and
remand the matter back to the Board with instructions to not reduce Attorney Soule's attorney[']s fees under AS 23.30.145(b) based on the size of the benefits awarded to his client, but rather to award Attorney Soule such amount of attorney[']s fees that the Board finds were reasonably incurred in the representation of the employee in this case.
Lewis-Walunga alternatively requested that the Commission remand the case to the *1066 Board "to make sufficient findings of fact and legal analysis so as to adequately explain the Board's decision." The Municipality responded that the Board correctly applied the law to the case's facts and properly exercised its discretion in awarding reduced fees. Lewis-Walunga replied that awarding reduced attorney's fees based solely on the benefits amount was bad policy and contrary to Alaska law, and restated her argument that the Board did not make adequate findings.
At oral argument before the Commission Lewis-Walunga expressed concern that the Board had implicitly adopted the Municipality's Rule 68 argument, and urged the Commission to remand the case to the Board with clear instructions not to apply a Rule 68-type analysis. She also asked the Commission to remand the case to the Board because the Board did not adequately explain its reasons for reducing her fees request. The Municipality abandoned its argument that a Rule 68-type analysis should apply to Board fees awards, but argued that the Board had correctly applied the regulatory factors in making its award.
The Commission vacated the Board's order and remanded the fee dispute to the Board for further proceedings. The Commission sua sponte questioned the applicability of AS 23.30.145(b) and decided that the Board plainly erred in failing to explain why it awarded fees under subsection .145(b) rather than subsection .145(a). Noting that AS 23.30.145(a) "establishe[d] a minimum fee, but not a maximum fee," the Commission held that "the record could support the [B]oard's decision to award a reasonable fee in excess of the statutory minimum" but determined that the Board had not made adequate findings. The Commission could not "discern what the [B]oard found to justify the conclusion that the award [was] `a little too high'" and remanded the case to the Board for further findings.
After the Commission issued its decision Lewis-Walunga moved for an attorney's fees award for the appeal. The Municipality opposed the motion, arguing that Lewis-Walunga was not the successful party because the Commission rejected her arguments and she "did not get the relief requestedan award of full attorney's fees."
The Commission declined to award fees to Lewis-Walunga, concluding she was not the successful party on appeal. It stated:
The [C]ommission remanded this matter to the [B]oard without instructions to award [Lewis-Walunga] full reasonable attorney['s] fees, as [she] requested in briefing. The [C]ommission finds that the essential element of the relief [she] requested on appeal was a remand with instructions. In the absence of such instructions, a conclusion that [Lewis-Walunga] was the successful party on appeal is unfounded. The motion for an award of attorney['s] fees and costs on appeal is DENIED, without prejudice to [Lewis-Walunga] to file a subsequent motion for an award of attorney['s] fees and costs on appeal, should this matter come before the [C]ommission again. (Emphasis in original.)
We granted Lewis-Walunga's petition to review the Commission's refusal to award attorney's fees for her appeal.

III. STANDARD OF REVIEW
In a workers' compensation appeal from the Commission we apply our independent judgment to questions of law that do not involve agency expertise.[3] When the Commission makes factual findings, its "findings of fact may be reversed on appeal if not supported by substantial evidence in light of the whole record."[4] Whether the Commission correctly applied the law in determining an award of attorney's fees is a question of law that we review de novo.[5]

*1067 IV. DISCUSSION

A. Arguments
Lewis-Walunga contends that the Commission made both factual and legal errors in denying her request for attorney's fees. She maintains she was a successful party in her appeal because she got the relief she asked for when the Commission agreed with her that the Board had not adequately explained its fee award. Lewis-Walunga interprets the Commission's statement that the denial of fees was without prejudice to mean that she "could reapply for attorney[']s fees and costs, if the matter ever came before the Commission again," and argues that the Commission made a legal error in concluding "that a remand by itself was insufficient to bestow prevailing party status." She asserts that making an employee wait for fees until a case is entirely resolved is contrary to precedent from both this court and the Commission.
The Municipality maintains Lewis-Walunga was not a successful party before the Commission because it reversed and remanded the Board's order based on an issue the Commission raised sua sponte and because it rejected Lewis-Walunga's arguments. The Municipality asserts that it was the successful party before the Commission because the Municipality "successfully defended" against Lewis-Walunga's claims. The Municipality disputes Lewis-Walunga's contention that she could reapply for attorney's fees for the work done in the present appeal even if she were successful on remand.

B. Decision

1. Statutory interpretation
Alaska Statute 23.30.008(d) governs the Commission's attorney's fees awards and provides in relevant part: "In an appeal, the [C]ommission shall award a successful party reasonable costs and, if the party is represented by an attorney, attorney['s] fees that the [C]ommission determines to be fully compensatory and reasonable."[6] The Commission did not explicitly construe "successful party" when it denied Lewis-Walunga's request for attorney's fees, but its denial was based on its determination that Lewis-Walunga did not get the "essential element" of her requested relief. And although we have interpreted AS 23.30.008(d) in another context,[7] we have not previously considered who is a "successful party" for purposes of a Commission appeal. When we interpret a statute, we consider the meaning of the statutory language, the legislative history, and the purpose of the statute, and we adopt "the rule of law that is most persuasive in light of precedent, reason, and policy."[8]
There is little legislative history about AS 23.30.008(d), but what there is suggests that the legislature intended Commission attorney's fees awards to follow the same rules as appellate attorney's fees awards in the courts. One section-by-section analysis of the legislation creating the Commission stated: "The [C]ommission shall award attorney['s] fees to successful appellants, but, as currently is the rule, attorney['s] fees may not be awarded against an employee unless the appeal was frivolous, unreasonable or taken in bad faith."[9] The Commission itself has noted that "AS 23.30.008(d) is modeled on Alaska Rule of Appellate Procedure *1068 508(g)(2)."[10]
Looking at AS 23.30.008(d), we first read the legislature's use of the phrase "[i]n an appeal" to signal that the Commission's fee award is independent of success in the underlying claim. Unlike AS 23.30.145(a) or.145(b), AS 23.30.008(d) does not tie a fee award to success on a claimit instructs the Commission to award fees in the appeal.[11] This is consistent with our application of Appellate Rule 508(g)(2).[12]
We then note that the legislature's language in AS 23.30.008(d)that fees be "fully compensatory and reasonable"is language we have used to distinguish workers' compensation attorney's fees awards from other types of attorney's fees awards.[13] We have identified the policy reason behind awards of "fully compensatory and reasonable" fees as the need for "competent counsel [to] be available to furnish legal services to injured workers."[14] Application of this policy to Commission appeals is consistent with our application of the policy to Appellate Rule 508(g)(2).[15]
Finally, as to "successful party," we note that Appellate Rule 508(g)(2), the model for AS 23.30.008(d), provides: "In an [appeal from the Commission], full reasonable attorney's fees will be awarded to a successful claimant." We have construed "successful claimant" as "a workers' compensation claimant who is the prevailing party on a significant issue on appeal."[16] We now conclude that we should interpret "successful party" in AS 23.30.008(d) the same way we interpret "successful claimant" in Appellate Rule 508(g)(2). As a policy matter, the term "successful" should have the same meaning in both AS 23.30.008(d) and Appellate Rule 508(g)both govern attorney's fees in workers' compensation appeals, and the same policy considerations apply to fee awards for appellate work in both forums. Accordingly, we hold that a claimant is a successful party in an appeal to the Commission when the claimant prevails on a significant issue in the appeal.

2. Application to this case
This case presents our first opportunity to review a factual finding by the Commission. The Commission is authorized to accept evidence on specific topics, including applications for attorney's fees and costs.[17] Alaska Statute 23.30.129(b) provides in part, "[t]he [C]ommission's findings of fact may be reversed on appeal if not supported *1069 by substantial evidence in light of the whole record." "Substantial evidence is `in light of the record as a whole, ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[18]
In denying Lewis-Walunga attorney's fees, the Commission found that "the essential element of the relief [Lewis-Walunga] requested on appeal was a remand with instructions" to award full reasonable attorney's fees.[19] Lewis-Walunga contests this finding, arguing that the Commission was mistaken factually because she was not asking the Commission to award her a specific amount of fees but was asking the Commission to remand the case to the Board "for a reasoned decision." According to Lewis-Walunga, the Commission "committed `clear error' in its factual ruling that the claimant had not asked for a reversal and remand" because she "obtained the actual result she requested."
The Municipality responds that substantial evidence supports the Commission's finding because in Lewis-Walunga's opening brief, she wrote:
[I]t is respectfully requested that the Commission reverse the attorney[']s fees decision of the Board and remand the matter back to [the] Board with instructions to award "full reasonable attorney[']s fees", in accordance with AS 23.30.145(b) and 8 AAC 45.180(d)(2), without resorting to a comparison of requested fees versus benefits awarded.
According to the Municipality, the Commission "specifically rejected the arguments [Lewis-Walunga] raised in support of [her] request on appeal." In her reply Lewis-Walunga quotes a different part of her Commission brief, countering that she asked the Commission in the alternative to either remand for further findings or order the Board to award fees that had been reasonably incurred in the case.
Our review of the entire record leads us to conclude that the Commission's finding is not supported by substantial evidence. In her opening brief to the Commission Lewis-Walunga asked for the following relief: a remand to the Board "with instructions not to reduce Attorney Soule's attorney[']s fees under AS 23.30.145(b) based on the size of the benefits awarded to his client" but to award "such amount of attorney[']s fees that the Board finds were reasonably incurred in the representation of the employee in this case" or "alternatively, to make sufficient findings of fact and legal analysis so as to adequately explain the Board's decision."
In her reply brief before the Commission Lewis-Walunga claimed that the Board's "terse explanation" for its decision made it unclear whether the Board had adopted the Municipality's argument that the Board should apply "a Rule 68 analysis." She also argued that the Board had not made adequate findings and said, "[o]nly by way of reasoned findings, can the Commission expect to be able to conduct adequate reviews of [a]ttorney[']s [f]ees [a]wards by the Board in this case or any other." In the final paragraph of her reply brief Lewis-Walunga requested a remand "for the purpose of obtaining a reasoned decision that is not simply based on a comparison of the amount of the award and the amount of Appellant's attorney[']s fees."
At oral argument before the Commission Lewis-Walunga emphasized that a remedy she sought was a remand to clarify the Board's decision. She identified "the problem[s] in this case" as the Municipality's use of a Rule 68 argument and the lack of Board findings. She asked the Commission to instruct the Board not to use a Rule 68-type of analysis when awarding attorney's fees. She *1070 also challenged the findings' adequacy, saying "I defy trying to figure out how you get a 30 percent award out of this without some findings." Although the Commission's decision did not make note of it, at oral argument the Municipality abandoned its argument for applying a Rule 68 analysis when awarding fees.[20]
Because the Commission granted the very relief Lewis-Walunga requested, she prevailed on a significant issue in the Commission appeal. It was error for the Commission to find otherwise and to not award Lewis-Walunga her full reasonable attorney's fees for work done before the Commission.

V. CONCLUSION
For the foregoing reasons, we REVERSE the Commission's decision not to award Lewis-Walunga attorney's fees and REMAND to the Commission for an appropriate attorney's fees award.
NOTES
[1] AS 23.30.145 sets out two alternatives for awarding attorney's fees for work before the Board. When an employer controverts a claim, the Board can award fees under AS 23.30.145(a), which sets out a minimum fee award but permits the Board to award fees based on consideration of several factors. If the employer does not file a controversion notice but either fails to pay or "otherwise resists" payment, the Board can award reasonable attorney's fees under AS 23.30.145(b). The Board's attorney's fees regulation lists several factors the Board must consider in awarding fees under subsection .145(b). See 8 AAC 45.180(d)(2) (2004). The factors in the regulation largely mirror those set out in AS 23.30.145(a).
[2] Rule 68 provides a mechanism to modify awards of costs and attorney's fees in state court civil litigation if a party's ultimate result is not appreciably better than a settlement offer made under the Rule.
[3] Shehata v. Salvation Army, 225 P.3d 1106, 1113 (Alaska 2010) (citing Barrington v. Alaska Commc'ns Sys. Grp., Inc., 198 P.3d 1122, 1125 (Alaska 2008)).
[4] AS 23.30.129(b).
[5] See Krone v. State, Dep't of Health & Soc. Servs., 222 P.3d 250, 252 (Alaska 2009) (citing Glamann v. Kirk, 29 P.3d 255, 259 (Alaska 2001)).
[6] AS 23.30.008(d) also limits the award of attorney's fees against an injured worker to cases in which the Commission finds that the worker's position on appeal was frivolous, unreasonable, or taken in bad faith.
[7] See Shehata, 225 P.3d at 1119 (discussing when appeal is frivolous).
[8] L.D.G., Inc. v. Brown, 211 P.3d 1110, 1133 (Alaska 2009) (citing Enders v. Parker, 66 P.3d 11, 13-14 (Alaska 2003)).
[9] STATE OF ALASKA, DEP'T OF LAW, SECTION BY SECTION ANALYSIS OF SB 130 at 7 (Mar. 3, 2005). This language, or very similar language, was repeated in subsequent analyses. See STATE OF ALASKA, DEP'T OF LAW, SECTION BY SECTION ANALYSIS OF CSSB 130 (FIN) am at 8 (Apr. 15, 2005); 2005 INFORMAL OP. ATT'Y GEN. 123.

At that time Appellate Rule 508(g)(2) provided for awards of "full reasonable attorney's fees ... to a successful claimant" in appeals from the Board. Appellate Rule 508(g)(1), like AS 23.30.008(d), limited the award of attorney's fees against an injured worker to cases in which the court found the worker's position on appeal was frivolous, unreasonable, or taken in bad faith. Appellate Rule 508(g)(1)-(2) (2005).
[10] Municipality of Anchorage v. Syren, AWCAC Dec. No. 015 at 2 (Aug. 3, 2007); Doyon Drilling Inc. v. Whitaker, AWCAC Dec. No. 008 at 2 n. 3 (Apr. 14, 2006). Appellate Rule 508(g) was amended in 2008 to provide for attorney's fees awards in appeals from the Commission rather than the Board. The standard for awards was not changed. Alaska Supreme Court Order No. 1671 (May 5, 2008).
[11] Compare AS 23.30.008(d) (providing attorney's fees for appellate proceedings), with AS 23.30.145(a)-(b) (providing attorney's fees for administrative proceedings).
[12] See cases cited at note 16, below (applying Appellate Rule 508(g)).
[13] Wise Mech. Contractors v. Bignell, 718 P.2d 971, 972-73 (Alaska 1986) (citing Wien Air Alaska v. Arant, 592 P.2d 352, 365-66 (Alaska 1979), overruled on other grounds by Fairbanks N. Star Borough Sch. Dist. v. Crider, 736 P.2d 770, 775 (Alaska 1987)).
[14] Id. at 973.
[15] See cases cited at note 16, below (applying Appellate Rule 508(g)).
[16] Kim v. Alyeska Seafoods, Inc., Case No. S-12754, Order dated July 1, 2009 (holding "successful claimant" is one who prevails on significant issue on appeal and appellant who was prevailing party on only issue on appeal was "entitled to full reasonable attorney's fees incurred in the appeal"). See also Shehata v. Salvation Army, Case No. S-12940, Order dated April 26, 2010 (holding appellant who "prevailed on significant issues on appeal" was "successful claimant"); Thurston v. Guys With Tools, Ltd., Case No. S-12939, Order dated Jan. 27, 2010 (holding "successful claimant" is "the prevailing party on a significant issue before the court" and petitioner was prevailing party). We used similar language in discussing whether the claimant in Municipality of Anchorage v. Anderson had been successful in his superior court appeal, noting that "it appear[ed] plausible, as both the board and the superior court found, that Anderson's counsel had prevailed on an important issue and had provided a benefit to him." 37 P.3d 420, 421 n. 7 (Alaska 2001).
[17] AS 23.30.128(c).
[18] Rockney v. Boslough Constr. Co., 115 P.3d 1240, 1242 (Alaska 2005) (quoting Cheeks v. Wismer & Becker, 742 P.2d 239, 244 n. 6 (Alaska 1987)).
[19] The Commission did not explain what it meant by an "essential element" of the requested relief. An essential element usually refers to one of the basic contentions a party must prove in order to prevail. See also Greenwood v. State, 237 P.3d 1018, 1022 (Alaska 2010) (listing "three essential elements" of a necessity defense); Lockhart v. Draper, 209 P.3d 1025, 1028 (Alaska 2009) (noting that "actual damages are not an essential element of a fraudulent conveyance action"). Cf. Diaz v. State, Dep't of Corrections, 239 P.3d 723, 727 (Alaska 2010) (setting out essential elements of claims under 42 U.S.C. § 1983).
[20] We note that neither the workers' compensation statutes nor the Board's regulations authorize the Board to consider settlement offers when awarding attorney's fees. See AS 23.30.145(a)(b); 8 AAC 45.180 (2004).